IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                              RESPONDENT

v.                          No. 6:11-cr-60012
                            No. 6:13-cv-6033

MICHAEL D. COLLINS                                                         MOVANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Before the Court is the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 65) filed herein by **MICHAEL D. COLLINS**, (hereinafter referred to as "Collins") an inmate confined in the Federal Bureau of Prisons. The United States of America (hereinafter referred to as the "Government") has responded to the Motion. ECF No. 70. The Motion was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

**1. Procedural Background[1]:**

Collins was named in two-count Indictment returned by the Grand Jury for the Western District of Arkansas on February 2, 2011. ECF No. 1. Both Counts of the Indictment charged Collins with possession with intent to distribute cocaine base or "crack cocaine." Collins was appointed counsel and entered not guilty pleas to both counts on April 15, 2011. ECF No. 5.

Collins appeared before United States District Judge Robert T. Dawson on July 11, 2011, and entered a plea of guilty to Count 2 of the Indictment. ECF No. 22. A written Plea Agreement was presented wherein Collins would plead guilty to Count Two of the Indictment. ECF No. 23. The

---

[1] The Procedural Background is taken from the Court's docket in the underlying criminal case.

-1-

Plea Agreement informed Collins of the full range of punishment possible, including an enhanced statutory penalty resulting from a prior conviction. ECF No. 23, p.4. Further, the Plea agreement informed Collins of the advisory nature of the United States Sentencing Guidelines ("USSG"). ECF No. 23, p. 6. Judge Dawson accepted the plea of guilty to Count 2 and ordered a Pre-sentence Report ("PSR") be prepared. ECF No. 22.

On or about September 12, 2011, the United States Probation Office ("USPO") prepared a PSR. ECF No. 33. Neither Collins or the Government filed any objections to the PSR. On October 12, 2011, a revised PSR was issued by the USPO. ECF No. 33. The revised PSR assessed a base offense level 26. However Collins was determined to be a career offender pursuant to USSG § 4B1.1(b), and his base offense level was adjusted upward to 34.[2] ECF No. 33, ¶ 28. Collins was given a 3-point reduction for acceptance of responsibility which resulted in a total offense level 31. Because of his criminal history category VI and offense level 31, the USSG advisory sentencing range was 188-235 months imprisonment.

Collins's counsel filed a Sentencing Memorandum on November 26, 2011, arguing that while the career offender statute was applicable, the criminal history score overstated the seriousness of Collin's past criminal conduct. ECF No. 26. He requested a downward departure of 8 levels to a total offense level 23, which would yield a guideline range of 92-115 months imprisonment. Collins additionally argued other factors from 18 U.S.C. § 3553 in support of a downward departure. The Court set the matter for sentencing on December 2, 2011.

At sentencing, the Court considered the request for a downward departure. ECF No. 43, p.

---

[2]This adjustment to offense level 34 pursuant to USSG § 4B1.1 was based on a 30-year maximum sentence. Had the maximum sentence been considered to be 20 years, the adjustment would have been to level 32 rather than 34.

6-10. Collins was given an opportunity to personally address any issue, including the matters raised by counsel in the Sentencing Memorandum. ECF No. 43, p. 10. The Government opposed any departure. ECF No. 43, p. 10-11. Judge Dawson reviewed the § 3553 factors and concluded the PSR's guideline calculation was correct. The Court also found Collins to be a career offender. ECF No. 43, p. 11-12. The Court then imposed a sentence of 188 month imprisonment, a $1,500.00 fine, three years supervised release, and a $100.00 special assessment.

Collins filed a timely notice of appeal. ECF No. 36. His counsel filed a brief, pursuant to *Anders v. California*, 386 U.S. 738 (1967), which included the potential issue of the career offender status overstating Collins's criminal history. The United States Court of Appeals for the Eighth Circuit held as follows:

> First, the court committed no significant procedural error in sentencing Collins, and in particular, the court correctly designated him as a career offender. See U.S.S.G. § 4B1.1(a) (defendant is career offender if, *inter alia*, he has at least two prior felony convictions for controlled-substance offenses). Further, the sentence is substantively reasonable. *See Feemster*, 572 F.3d at 461 (if sentence is within Guidelines range, appellate court may apply presumption of reasonableness).
> . . .
>
> Having independently reviewed the record under *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), we find no nonfrivolous issue. Accordingly, we grant counsel's motion to withdraw, and we affirm the judgment of the district court.

*United States v. Collins*, 461 Fed. Appx. 521, 522 (8th Cir. 2012).

 2. **Instant Motion**:

Collins timely filed the instant Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. §2255 on April 8, 2013. ECF No. 65. Collins raises two grounds in his Motion:

> 1. Trial Counsel was ineffective for failing to raise at sentencing or on direct appeal the issue of whether "*Shepard* proof" documentation was required for the trial Court to find Collins a career offender.

2. The trial Court erred in its calculation under the USSG because the Government failed to file a notice of enhanced sentence pursuant to 18 U.S.C. § 851(a).

The Government responds and alleges *Shepard* proof was not required in this case as Collins agreed at sentencing he had prior convictions. The Government acknowledges no § 851 notice of enhancement was filed and thus the maximum sentence in this case was twenty years. Collins' counsel did not object to the PSR's assumption that a thirty-year maximum was applicable in this case. Should the Court determine Collins has been prejudiced as a result of his counsel's failure to object to the incorrectly calculated guideline range, the Government does not object to Collins being resentenced with the application of the career offender enhancement from USSG §4B1.1(b) based on twenty-year rather than thirty-year maximum sentence.

**3. Discussion**:

As a preliminary matter, it should be noted that a § 2255 motion is fundamentally different from a direct appeal. A collateral attack pursuant to § 2255 is limited to alleging errors of "constitutional or jurisdictional magnitude." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). The role of a § 2255 motion is clear:

Section § 2255 . . . provides that a prisoner in custody under sentence of a federal court may file a motion in the "court which imposed the sentence to vacate, set aside or correct the sentence." The statute states four grounds upon which such relief may be claimed: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States;" (2) "that the court was without jurisdiction to impose such sentence;" (3) "that the sentence was in excess of the maximum authorized by law;" and (4) that the sentence "is otherwise subject to collateral attack."

*United States v. Cates*, 952 F.2d 149, 151 (5th Cir. 1992) (*citing Hill v. United States*, 368 U.S. 424, 426-427 (1962)).

    **a. Counsel's failure to object to a lack of "*Shepard* Proof"**: As noted above, Collins

asserts his trial counsel was ineffective at sentencing for failing to object to inaccurate criminal history calculation based on a lack of "*Shepard* proof." Collins uses "*Shepard* proof" to refer to the type of proof necessary, pursuant to *Shepard v. United States*, 544 U.S. 13 (2005), for a sentencing court to find a prior conviction established in making its sentencing determination.

In order to prevail on an ineffective assistance of counsel claim, a movant must show that (1) his "trial counsel's performance was so deficient as to fall below an objective standard of reasonable competence"; and (2) "the deficient performance prejudiced [his] defense." *See Toledo v. United States*, 581 F.3d 678, 680 (8th Cir. 2009)(quoting *Nave v. Delo*, 62 F.3d 1024, 1035 (8th Cir.1995)). When considering the first element, there is a "strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance and sound trial strategy." *Toledo*, 581 F.3d at 680 (quoting *Garrett v. United States*, 78 F.3d 1296, 1301 (8th Cir.1996) (citing *Strickland v. Washington*, 466 U.S. 668, 689,(1984)). "The burden of proving ineffective assistance of counsel rests with the defendant." *United States v. White*, 341 F.3d 673, 678 (8th Cir. 2003)(citing *United States v Cronic*, 466 U.S. 648, 658 (1984)).

Where a defendant complains that counsel failed to challenge the state's case, in testing the first element of an ineffective assistance of counsel claim "[t]he failure to oppose the prosecution's case must involve the entire proceeding, not just isolated portions." *White*, 341 F.3d at 678. If the Court finds deficient counsel and thus must consider the element of prejudice, a defendant must establish "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. The Court notes its review of counsel's performance should be "highly deferential." *Sherron v. Norris*, 69 F.3d 285, 290 (8th Cir. 1995).

Collins complains his counsel failed to demand "*Shepard* proof" in establishing his prior

criminal convictions. In *Shepard*, the Supreme Court addressed the kind of evidence that a court sentencing under the Armed Career Criminal Act, 18 U.S.C. § 924(e) ("ACCA") can look to for determination of sentence enhancements. *See Shepard*, 544 U.S. at 1263. The Supreme Court held that in determining whether a guilty plea to burglary as defined by a nongeneric statute necessarily admitted elements of the generic offense, a court is limited to examining evidence like the charging documents and jury instructions, but not the underlying police reports, complaint applications, or the like. *See id.* at 1257, 1263. Thus, *Shepard* addressed the evidentiary limits of what a court may look to when applying sentence enhancements under the ACCA.

> "*Shepard's* limitation of evidence "to examining the statutory definition, charging document, written plea agreement, transcript of plea colloquy, and any explicit factual finding by the trial judge to which the defendant assented" is addressed only to those situations where "a later court [is] determining the character of" the prior conviction. *Shepard*, 544 U.S. at 16. The limitation does not apply to antecedent factual questions such as whether the defendant was convicted of a crime at all, or of which crime the defendant was convicted. Thus, the district court here erred when it concluded *Shepard* did not allow the case history or the 1999 PSR to be used to show Webster was convicted of the 1988 Maryland burglary in daytime housebreak.

*United States v. Webster*, 636 F.3d 916, 919 (8th Cir. 2011). In weighing the evidence, the district court may consider a movant's failure to object to criminal convictions contained in a PSR, and the reasons for a movant's failure to object. *See id.* It may also consider wether a movant actually denies a prior conviction and any other available relevant evidence. *See id.*

In the instant case, Collins does not deny the criminal history set out for Judge Dawson in the PSR. Collins did not at sentencing nor does he now deny he was actually convicted of the drug trafficking crimes set forth in the PSR. Collins's counsel admitted the past criminal convictions and instead argued the PSR's criminal history calculation overstated the seriousness of his criminal history. ECF No. 43, p. 6-10. Following counsel's argument this soliloquy occurred between Judge

Dawson and Collins:

> **THE COURT**:  Mr. Collins, anything you wish to add, sir, to what your attorney stated on your behalf?
>
> **A**:  *Well, sir, basically everything he said is true*.  For right now I don't have too much to say, you know, know where to start off to say about what, what to really talk about.  But if there's anything you wanted to ask me or so I can relate to what in any kind of way.

There was no question at sentencing, nor is there any now, Collins was convicted of the prior offenses as set out in the PSR.  *Shepard* is inapplicable in this instance.  Accordingly, counsel was not ineffective for failing to object and demand "*Shepard* proof" of those convictions.  Collins was properly determined to be a career offender.  The Eighth Circuit affirmed this determination on direct appeal.  *See Collins*, 461 Fed. Appx. at 522 ( "the [District] court correctly designated [Collins] as a career offender.").  The Court need not address the issue of prejudice regarding this issue.

> **b.  The Court erred in its USSG calculation:** Collins next asserts the Court erred in its USSG calculation by assuming the maximum sentence in this case was thirty years rather than twenty years.  A maximum term of imprisonment of twenty years should be imposed for a person convicted pursuant to 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).  However, if a defendant convicted has at least one prior conviction for a felony drug offense, then the maximum term of imprisonment can be increased to thirty years, provided the Government files the appropriate notice pursuant to 21 U.S.C. § 851.

When applying the USSG a defendant can be determined to be a "career offender" if the defendant has at least "two prior felony convictions of either a crime of violence or a controlled

substance offense." USSG § 4B1.1(a).  If a defendant is career offender under § 4B1.1(a) then his base offense level is determined by § 4B1.1(b).  Section 4B1.1(b) provides for the base offense level to be calculated based on the maximum possible sentence applicable to the crime of conviction.  For a conviction with a maximum sentence of twenty years the offense level is 32.  For a conviction with a maximum sentence of thirty years the offense level is 34.

Here the Government admits it did not file an information pursuant to § 851 seeking to enhance the possible maximum sentence.  Further, it is not disputed the PSR based its USSG calculation on the erroneous presumption the maximum sentence in this case was thirty years.  Because of this, the PSR recommended Collin's base offense level be 34 and his Criminal History Category be VI.

At sentencing, Judge Dawson adopted the PSR and its application of the career offender guideline finding a base offense level of 34.  As noted above, after a reduction of acceptance of responsibility and application of the Criminal History Category VI, the USSG range of imprisonment was determined to be 188-235 months.  However, because the Government did not file the § 851 information the actual maximum sentence in this case was twenty years.  Accordingly, pursuant to § 4B1.1(b) the base offense level should have been determined to be 32.  After a three-level reduction for acceptance of responsibility the corresponding guideline sentence range should have been 151-188 months imprisonment.

Here, Judge Dawson considered all of the factors of 18 U.S.C. § 3553 applicable to sentencing.  He considered Collins' argument his criminal history was overstated.  He listened to Collins himself.  He determined the guideline sentence range of 188-235 months was appropriate and sentenced Collins to the low end, 188 months imprisonment.  Had the Court properly found a

base offense level of 32 the resulting guideline range would have been 151-188 months imprisonment. While the actual sentence of 188 months imprisonment is within the correct guideline range, there is some indication Judge Dawson may have sentenced Collins to a lower sentence had the guideline range been accurately calculated. The Court stated at sentencing:

> *I think an appropriate sentence for you, sir, is going to be a Guideline sentence, but at the low end of those Guidelines.* I intend to impose a sentence of 188 months custody to be followed by a three-year term of supervised release.

ECF No. 43, p. 11(emphasis added). The Court notes the Government does not object to Collins being resentenced in accordance with the proper USSG application. While the sentence imposed is within the proper guideline range, it is at the high end of that range. Because of Judge Dawson's comments at sentencing the Court should reconsider a sentence within the appropriate guideline range.

**4. Recommendation**:

Accordingly, based on the foregoing, it is recommended the instant Motion (ECF No. 65) be **DENIED** as to any finding of ineffective assistance of counsel for failing to object to a lack of "*Shepard* proof" of prior convictions. It is further recommended the Motion be **GRANTED** as to an improper application of the USSG and the matter be set for resentencing. No sentencing hearing is required and the Court could enter an Amended Judgment in this matter (although the Court can certainly hold a sentencing hearing if it deems such advisable).

**The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the**

**district court.**

      **DATED** this **20th day of December 2013.**

                                          /s/ Barry A. Bryant
                                          HON. BARRY A. BRYANT
                                          U.S. MAGISTRATE JUDGE