IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

**UNITED STATES OF AMERICA**                                                                                    **RESPONDENT**

v.                                                             No. 6:11-cr-60012-002

**MICHAEL COLLINS**                                                                                 **MOVANT**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (ECF No. 95) filed herein by MICHAEL COLLINS, (hereinafter referred to as "COLLINS"), an inmate confined in the Federal Bureau of Prisons. This is COLLINS's second post-conviction pleading filed in this Court attacking his underlying conviction and sentence. The motion was referred for findings of fact, conclusions of law, and recommendations for the disposition of the case.

**1.  Procedural Background**:

COLLINS filed the instant motion on June 3, 2016, seeking relief as a result of the decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015).  ECF No. 95.   He previously sought relief pursuant to § 2255.  ECF No. 65.  That prior motion was denied by this Court.  ECF No. 74.  The Court appointed the Federal Defender to assist COLLINS in pursing his claims pursuant to *Johnson*. On June 20, 2016, the Federal Defender moved to withdraw as counsel having determined no claim existed pursuant to *Johnson*.  ECF No. 100.  The Court granted this motion to withdraw.  ECF No. 102.

On August 9, 2016, the Government Moved to Stay the Proceeding pending the Supreme Court's decision in *Beckles v. United States*, No. 15-8544 (cert. granted June 26, 2016). ECF No. 108. On September 2, 2016, the United States Court of Appeals for the Eighth Circuit entered its Judgment denying COLLINS's petition to "file a successive habeas application in district court." ECF No. 109.

**2. Discussion:**

Before this Court may consider a second or successive § 2255 motion, COLLINS must first obtain authorization from the appropriate court of appeals, in this case the United States Court of Appeals for the Eighth Circuit.  *See* 28 U.S.C. § 2255, *see also Vancleave v. Norris*, 150 F.3d 926, 927 (8th Cir. 1998)(these restrictions are not an unconstitutional suspension of the writ of *habeas corpus*); *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996)(only the court of appeals may authorize commencement of a second or successive petition); *Wainwright v. Norris*, 958 F.Supp. 426, 431 (E.D.Ark. 1996)(*citing Nunez*).

The Court of Appeals has denied COLLINS's request to proceed in this matter. Accordingly, his Motion to Vacate (ECF No. 95) should be denied and this matter dismissed as successive.

**3. Recommendation**:

Accordingly, based on the foregoing, it is recommended the instant Motion to Vacate, Set Aside or Correct Sentence (ECF No. 95) be **DENIED**.[1]   Further, I recommend that no Certificate of Appealability be issued in this case.

---

[1] "A federal court may dismiss a claim without an evidentiary hearing where the allegations are frivolous, where the allegations fail to state a constitutional claim, where the relevant facts are not in dispute, or where the dispute can be resolved on the basis of the record." *Urquhart v. Lockhart, 726 F.2d 1316 (8th Cir.1984).*

**The parties have ten (10) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

**DATED** this **11th day of October 2016.**

                                                     /s/ Barry A. Bryant  
                                                    HON. BARRY A. BRYANT  
                                                    U.S. MAGISTRATE JUDGE